**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE A. TOLIVER )<br>           Plaintiff, )<br>vs.                                                      )<br>LVMPD, et al., )<br>           Defendant, )<br> ) | Case No. 2:14-cv-00906-MMD-GWF<br>**ORDER**<br><br>Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1), filed on June 11, 2014.

**BACKGROUND**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims for false imprisonment, battery, and intentional infliction of emotional distress. *See Dkt. #1-1*. As the Court understands Plaintiff's allegations, on August 5, 2013, Plaintiff voluntarily entered the Clark County Detention Center to sign up for house arrest. *Id*. at pg. 3. Having no other form of identification, Plaintiff presented his jail identification card to which the front desk attendant explained his jail identification card was insufficient and he was not permitted to enter. Plaintiff alleges he explained to the attendant that he had to sign up for house arrest, so the attendant called for an officer's assistance. *Id*. Plaintiff alleges that Defendant Officer Cole arrived and told Plaintiff to get on the wall as he inquired about weapons. *Id*. Officer Cole then allegedly placed Plaintiff under arrest because he contended that the Plaintiff rolled his eyes at him. *Id*. Plaintiff indicates that Officer Cole proceeded to tell him that he would be going to prison because the House Arrest Program did not want him. *Id*. He was then searched, handcuffed, and taken to the

1  jail from approximately 6:45 A.M. until 8:20 A.M. *Id*. After which, Plaintiff alleges he was
2  released and told to never come back. *Id.*

## DISCUSSION

I. **Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in forma pauperis, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

Plaintiff submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security therefor. Therein, Plaintiff indicated he receives no monthly income, has approximately $94.00 in a banking account, owns nothing of value, and has no monthly expenses. Exhibits attached to Plaintiff's Application, however, indicate that Plaintiff receives Social Security income. *See Dkt. #1* at pg. 4. Question three of the Application to Proceed *in Forma Pauperis* specifically requests the source and amount of all income received. Plaintiff failed to identify the amount of Social Security income he receives. The Court, therefore, is unable to determine whether he is able to pay the court costs as required by 28 U.S.C. § 1914(a). Finding Plaintiff's Application incomplete, the Court cannot grant his request to proceed *in forma pauperis* at this time. Accordingly,

...
...
...
...

1 **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **denied** without prejudice**.** Plaintiff shall have until thirty (30) days from the date this order is entered to either file a completed application to proceed *in forma pauperis* attaching thereto a copy of his complaint, or pay the filing fee of $400.00. Plaintiff is advised that failing to do so will result in the dismissal of his case.

DATED this 17th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge