UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE TOLIVER,<br><br>         Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>         Defendant. | Case No.: 2:14-cv-00906-RFB-GWF<br><br>**ORDER**<br><br>Report & Recommendation of Magistrate Judge George W. Foley, Jr. (ECF No. 4)<br><br>Motion to Reconsider Order on Application for Leave to Proceed *In Forma Pauperis* (ECF No. 6) |

  Before the Court for consideration are the Report and Recommendation of the Honorable George W. Foley, Jr., United States Magistrate Judge, entered July 25, 2014 (ECF No. 4), and Plaintiff's Motion to Reconsider this Court's Order denying leave to proceed *in forma pauperis* (ECF No. 6).

  In an Order entered June 18, 2014, this Court denied Plaintiff's application for leave to proceed *in forma pauperis* and ordered that Plaintiff would have thirty days to either file a completed application or pay the filing fee. ECF No. 3. On July 25, 2014, the Magistrate Judge issued a Report and Recommendation in which he found that Plaintiff had not complied with the Court's order and recommended that Plaintiff's case be dismissed with prejudice. ECF No. 4.

  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file

specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Pursuant to Local Rule IB 3-2(a), objections were due by August 11, 2014. No objections were filed by that time. However, on August 12, 2014—one day after the deadline for filing objections—Plaintiff filed a motion for this Court to reconsider its Order denying Plaintiff's application to proceed *in forma pauperis*. See ECF No. 6. In his motion, Plaintiff provides evidence that he was incarcerated from June 11, 2014 until July 28, 2014, which caused him to miss the August 11 deadline. Id.

Although Plaintiff's motion is labeled as one for reconsideration, the Court is not bound by a motion's label; "[t]he substance of the motion, not its form, controls its disposition." Andersen v. United States, 298 F.3d 804, 807 (9th Cir. 2002). Here, Plaintiff seeks reconsideration of the Court's decision to deny leave to proceed *in forma pauperis*, but also states a reason, supported by documentation, why he was unable to comply with the August 11 deadline for objections to the Report and Recommendation. See ECF No. 6. Accordingly, the Court construes Plaintiff's motion as an untimely objection to the Report and Recommendation coupled with a request for an extension of time to file that objection.

Turning first to the request for extension of time, the Local Rules of Civil Practice for the District of Nevada state such requests that are "made after the expiration of the specified period shall not be granted unless the moving party . . . demonstrates that the failure to act was the result of excusable neglect." LR 6-1(b). In this case, the Court finds that the newly proffered evidence

contained in Plaintiff's motion, showing that Plaintiff was incarcerated for the first three days of the time period given to file his objection to the Report and Recommendation, constitutes excusable neglect. This is particularly so in light of the fact that Plaintiff's motion was filed just one day after the deadline. The Court therefore grants Plaintiff's request to file an objection after the expiration of the 14-day period for doing so.

Given that Plaintiff has filed an objection, the Court engages in a *de novo* review of the Report and Recommendation. Plaintiff's documentation shows that he was already incarcerated at the time that the Court denied his application for leave to proceed *in forma pauperis* without prejudice on June 18, 2014. Plaintiff was given thirty (30) days to file an amended application or to pay the filing fee. However, Plaintiff was incarcerated for that entire 30-day period, and was not released until July 28, 2014—ten days *after* the 30-day deadline expired.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citations omitted) (internal quotation marks omitted). The Court finds that Plaintiff's incarceration from June 11, 2014 until July 28, 2014 constitutes good cause to extend Plaintiff's deadline to either file a completed application to proceed *in forma pauperis* or pay the filing fee, as stated in the June 18 Order.

## ORDER

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 4) is **rejected**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 6) is construed in the Court's discretion as an untimely objection to the Report and Recommendation

coupled with a request for an extension of time to file that objection, and that Plaintiff's request to file the untimely objection is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **thirty (30) days** from the date this Order is entered to either file a completed application to proceed *in forma pauperis* attaching thereto a copy of his complaint, or pay the filing fee of $400.00. If Plaintiff fails to do so within the time given, Plaintiff's case will be dismissed with prejudice.

**DATED** this 9th day of December, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**