UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE A. TOLIVER, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-00906-RFB-GWF |
| ) | |
| vs. ) | **AMENDED ORDER** |
| ) | |
| LVMPD, et al., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff George Tolliver's Application to proceed *in forma pauperis* (#22), filed on March 30, 2015. The Court originally denied without prejudice Plaintiff's Application to Proceed in Forma Pauperis (#1), granting Plaintiff until July 17, 2014 to file a completed application or pay the $350.00 filing fee. *See* Order (#2). The Plaintiff failed to do so, and the case was recommenced for dismissal. *See* Findings and Recommendation (#4). The Court's Recommendation was denied on December 11, 2014. *See* Order (#7). The Plaintiff was later granted until April 20, 2015 to file a completed application. *See* Minute Order (#21). Plaintiff also filed an additional Application to Proceed in Forma Pauperis (#23) on May 5, 2015.

This matter is also before the Court on Plaintiff's Motion to Amend the Complaint (#25), filed on June 15, 2015.

**BACKGROUND**

Plaintiff alleges he suffered violations of § 1983 of the Civil Rights Act (CRA) through false arrest and false imprisonment. Plaintiff alleges that Officer Cole of the Las Vegas Metropolitan Police Department (LVMPD) arrested him and held him against his will without cause. Plaintiff brings suit against Officer Cole and LVMPD, and requests damages for emotional harm, mental anguish, mental distress and suffering, and punitive damages.

**DISCUSSION**

I.     **Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

II.    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Board of Regents*, 673 F.2d 266, 268

1  (9th Cir. 1982)).

2  **III.    Instant Complaint**

3  Plaintiff alleges that Officer Cole of the LVMPD violated § 1983 of the CRA by falsely
4  arresting and imprisoning the Plaintiff.  42 U.S.C. § 1983 provides a remedy for a plaintiff whose
5  civil rights were violated by defendants acting under the color of state law.  The Plaintiff must
6  plead sufficient facts to show that "(1) the defendants acting under color of state law (2) deprived
7  plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781
8  F.2d 1334, 1338 (9th Cir. 1986).  A defendant acts under color of state law if he "exercise[s] power
9  'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the
10 authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988).  A defendant also acts under the
11 color of state law when he absues the position given to him by the state. *West*, 487 U.S. at 49.
12 Generally, a public employee acts under color of state law while acting in his official capacity or
13 while performing his responsibilities pursuant to state law. *Id*. at 49-50.

14     **A.    LVMPD Liability**

15 Plaintiff brings suit against both Officer Cole and the LVMPD.  A municipality may be held
16 liable for constitutional violations under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690
17 (1978). However, a municipality may not be held liable under a theory of *respondeat superior*
18 under § 1983. *Monell*, 436 U.S. at 691.  In order to state a claim that could impose liability on a
19 municipality under § 1983, the Plaintiff must show "that he was deprived of a constitutional right
20 and that the city had a policy, practice, or custom which amounted to 'deliberate indifference' to
21 the constitutional right and was the 'moving force' behind the constitutional violation." *Levine v.*
22 *City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008).  Plaintiff has not alleged any facts to suggest
23 that LVMPD has a policy that amounts to "deliberate indifference" to Plaintiff's constitutional
24 rights.  Therefore, the Court will dismiss LVMPD as a Defendant without prejudice, and will give
25 the Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do
26 so.

27     **B.    Officer Cole's Liability**

28 Plaintiff brings suit against Defendant Cole "in his capacity as a Las Vegas Police Officer."

1    State officials sued in their official capacity are not persons under § 1983. *Will v. Michigan Dept.*
2    *of State Police*, 491 U.S. 58, 71 (1989). A suit against an official in his or her official capacity "is
3    not a suit against the official but rather a suit against the official's office. As such, it is no different
4    from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citations omitted). Alternatively,
5    in a suit against Officer Cole in his personal capacity, he may be found liable for damages if the
6    Plaintiff can show that Defendant Cole personally violated the Constitution. *OSU Student Alliance*
7    *v. Ray*, 669 F.3d 1053, 1069 (9th Cir. 2012). The Court must determine whether a suit is brought
8    against a defendant in his individual or official capacity by considering the "essential nature" of the
9    proceeding. *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996) (citing *Ford Motor Co. v. Dept.*
10   *of Treasury*, 323 U.S. 459, 464 (1945)). In *Eaglesmith*, the Court determined the matter to be
11   against the official in his official capacity because that was stipulated to by the parties. 73 F.3d at
12   859. In the instant case, the Plaintiff did not indicate specifically that he intended to sue the officer
13   in his official capacity. Given the requisite liberal construction of the complaint, the Court finds
14   that the Plaintiff intended to sue the officer in his individual capacity. Therefore, any viable claims
15   against Officer Cole may proceed.

16         **C.   False Arrest**

17       Plaintiff claims that the arrest made by Officer Cole at the Clark County Detention Center
18   was unlawful. A claim for unlawful arrest may be brought under § 1983 "provided the arrest was
19   made without probable cause or other justification." *Dubner v. City and County of San Francisco*,
20   266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause exists "when officers have knowledgeable or
21   reasonably trustworthy information sufficient to lead a reasonable person to believe that an offense
22   has been or is being committed by the person being arrested." *U.S. v. Lopez*, 482 F.3d 1067, 1072
23   (9th Cir. 2007). An officer may also make an arrest when the available facts suggest a "fair
24   probability" that the arrestee committed a crime. *Tatem v. City and County of San Francisco*, 441
25   F.3d 1090, 1094 (9th Cir. 2006).

26       Plaintiff alleges that he went to the Clark County Detention Center to ask about the house
27   arrest program. He spoke with the officer at the front desk, and was informed that he was not
28   eligible for the program. Plaintiff insisted that he would be sent to jail if he was not admitted into

1  the program, and the officer at the front desk called Officer Cole.  Officer Cole arrived, instructed
2  the Plaintiff to put his hands on the wall, and asked if the Plaintiff had drugs or weapons on him.
3  Plaintiff looked at Officer Cole "like he was crazy" and Officer Cole arrested him for "rolling my
4  eyes at him."  Because Plaintiff's eyerolling likely fails to constitute probable cause, these
5  allegations are sufficient to state a claim for false arrest.

### D. False Imprisonment

In order to properly plead a claim for false imprisonment, the Plaintiff must allege that he was deprived of his liberty under the probable imminence of force without legal justification. *Marschall v. City of Carson*, 464 P.2d 494, 497 (Nev. 1970).  A defendant may be found liable if the plaintiff shows that (1) he acts intending to confine the victim within fixed boundaries created by the defendant, (2) his act directly or indirectly results in confinement of the plaintiff, and (3) that the plaintiff is aware of the confinement or harmed by it.  *Hernandez v. City of Reno*, 634 P.2d 688, 671 (Nev. 1981).

Plaintiff alleges that he was forced to sit in the Clark County Detention Center for one hour and 45 minutes after he was arrested.  He further alleges that he was handcuffed, with his hands behind his back, throughout that time.  Finally, the Plaintiff alleges that he was not allowed to leave, despite not being charged with a crime.  The Plaintiff has sufficiently pled a claim for false imprisonment.

## IV. Motion to Amend

Plaintiff seeks leave to amend his Complaint by altering his request for damages.  Attached to the Motion is an amended damages request, but not a full proposed amended complaint.  If Plaintiff wishes to file an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The

Court will therefore deny, without prejudice, Plaintiff's Motion to Amend (#25) for failure to include a complete amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#22) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #62360), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#22-1).

**IT IS FURTHER ORDERED** that Defendant Las Vegas Metropolitan Police Department is hereby **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#23) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint (#25) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd.

South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**DATED** this 30th day of June, 2015.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge