UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GEORGE TOLIVER, | Case No.: 2:14-cv-00906-RFB-EJY |
| --- | --- |
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, ROGER COLE. | |
| Defendant. | |

## I.  INTRODUCTION

Before the Court is Defendant Roger Cole's Motion for Summary Judgment. ECF No. 94. For the following reasons, the Court denies Defendant's Motion.

## II.  PROCEDURAL BACKGROUND

Plaintiff, pro se, began this case by filing an application to proceed in forma pauperis on June 11, 2014. ECF No. 1. In his complaint, Plaintiff brought claims under 42 U.S.C. § 1983 against Defendants for false imprisonment, battery, and intentional infliction of emotional distress. Plaintiff moved to amend his complaint on January 17, 2017. ECF No. 61. The operative amended complaint was filed on September 15, 2017. ECF No. 71. Defendant Las Vegas Metropolitan Police Department was not named in the amended complaint and terminated from the action on that day. In the amended complaint, Plaintiff brought claims of false arrest and false imprisonment. Defendant Roger Cole answered the amended complaint on

December 28, 2017. ECF No. 76. Defendant Roger Cole moved for summary judgment on March 11, 2019. ECF No. 94. A response and reply were filed. ECF Nos. 96, 97.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

#### a. Undisputed Facts

On January 9, 2013, Plaintiff Toliver was arrested for driving a scooter while under the influence of alcohol. In light of prior convictions for driving under the influence, the State of Nevada filed a criminal complaint against Plaintiff for driving while under the influence of intoxicating liquor in addition to two other charges. A month after the State filed the criminal complaint, a justice court judge issued a bench warrant for Plaintiff's arrest. Plaintiff pled guilty to driving and/or being in actual physical control while under the influence of intoxicating liquor—a Category B felony. The plea agreement indicated that Plaintiff would apply for acceptance into the Felony DUI Court program, and that if he was not accepted or did not participate in the program, he would agree to twelve to thirty months in the custody of the Nevada Department of Corrections.

Around 6:45 a.m. on the morning of August 5, 2013, Plaintiff reported to the Felony DUI Court program office, which is located within the Clark County Detention Center (CCDC), a day before he was apparently scheduled to sign into the program.  The CCDC is a holding facility and is not a part of the Nevada Department of Corrections. The female officer told Plaintiff that he was not on the list for that day and that he did not have the proper identification to enter the office anyway. Plaintiff responded that the court had ordered him there, and that he could be sent to jail if he did not sign up that day.

#### b. Disputed Facts

The parties dispute what happened next. Plaintiff alleges that the following occurred: The female officer subsequently called Defendant Roger Cole, a corrections officer with the Las Vegas Metropolitan Police Department, to the scene. Defendant Cole told Plaintiff to face the wall so that he could be searched for weapons and drugs. Plaintiff looked at Defendant Cole skeptically. Defendant Cole then stated that Plaintiff was under arrest for rolling his eyes, and that Plaintiff was going to prison because he would not be accepted in the house arrest program. Plaintiff was subsequently handcuffed and taken into custody inside of house arrest section of the jail. After speaking with a program administrator, Officer Cole told Plaintiff to stand up. Plaintiff was un-handcuffed, told that he was not wanted in the program, and was escorted out the front door at about 8:30 AM that same day. Plaintiff asserts that he was in handcuffs in custody for over an hour and a half.

Defendant Cole has no recollection of Plaintiff or of the events of this specific day but nevertheless denies arresting Plaintiff.  Defendant Cole swears that he has never arrested anyone at the house arrest office, but has detained people who came to the office with warrants for their arrest for the purpose of detaining such persons and calling a judge to determine how to proceed. Defendant Cole also states that anyone on the House Arrest program may be detained or remanded back into custody if they have a bad attitude or are uncooperative with a staff member, and concedes that it "may be possible" that Plaintiff was detained for this reason.

**IV.     LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.

Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V.     DISCUSSION

Plaintiff brings his claims for false arrest and false imprisonment under 42 U.S.C. § 1983. To assert a § 1983 claim, a person must allege that an officer acting under color of law violated the person's constitutional rights. Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1989). "A warrantless arrest of an individual in a public place for a crime committed in an officer's presence violates the Fourth Amendment if the arrest is not supported by probable cause." Blankenhorn v. City of Orange, 485 F.3d 463, 470–71 (9th Cir. 2007).   Under the Fourth Amendment, the test for whether probable cause exists is "whether at the moment of arrest the facts and circumstances within the knowledge of the arresting officer and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the [arrestee] had committed or was committing an offense." Id. at 471 (internal citations omitted). Probable cause "supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." Edgerly v. City and County of San Francisco, 599 F.3d 946, 954 (9th Cir. 2010).

Defendant Roger Cole argues that any temporary detention of Plaintiff was permissible in light of the fact that Plaintiff was already under custody of the Nevada Department of Corrections by virtue of his guilty plea. The Court disagrees.

Plaintiff was not in custody of the Nevada Department of Corrections on the day that he showed up to CCDC. The terms of Plaintiff's guilty plea provided that he *could* be sent to jail and hence placed under the custody of the Nevada Department of Corrections if he failed to be accepted into or comply with the requirements of the Felony DUI Court program. The guilty plea agreement established that Plaintiff was under the jurisdiction of the Nevada state criminal court.  The guilty plea agreement did not give local police officers authority to detain Plaintiff without reasonable suspicion or probable cause and it did not establish that Plaintiff was or continued to be under the jurisdiction of the Nevada Department of Corrections.

Defendant Cole states in his affidavit provided to the Court that persons "on the House Arrest program" may be detained or remanded back into custody if they "have a bad attitude" or are "uncooperative with any staff member. " First, Cole's assertions about the law are irrelevant to his authority under the law to lawfully arrest or detain the Plaintiff. Second, even if Cole had the authority to detain Plaintiff for being uncooperative, Defendant has not established that Plaintiff was uncooperative with staff. Defendant has alleged no specific facts showing that Plaintiff was uncooperative with staff or comported himself in a way that violated House Arrest rules and justified brief detention—indeed Defendant *cannot* allege any such facts, as Defendant has already admitted to having no recollection of that day. Finally and most importantly, Defendant has failed to identify any criminal offense for which Defendant may have had probable cause to arrest Plaintiff. The Court can identify no criminal offense in the Nevada Revised Statutes for which rolling one's eyes is a violation. Defendant Cole has not asserted any specific conduct by the Plaintiff that would permit a reasonable officer to suspect him of having committed a criminal offense. The

Court finds that based upon the facts as alleged by Plaintiff that Defendant has violated Plaintiff's Fourth Amendment rights.

Defendant Cole argues that even if he instituted a false or unlawful arrest, he would nevertheless be entitled to qualified immunity. The Court also disagrees on this point. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal citations omitted). Qualified immunity is an immunity from suit rather than a defense to liability, and "ensures that officers are on notice their conduct is unlawful before being subjected to suit." Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the nonmoving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Id. While a case directly on point is not required in order for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016) (citing Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015)).

It has long been clearly established that the warrantless arrest of and individual requires probable cause. Blankenhorn, 485 F.3d at 470–71. Indeed, the Ninth Circuit has even specifically previously found that warrantless arrests lacking probable cause but based upon purported disrespect, or "to prove a point," are not subject to qualified immunity. See Scott v. County of San Bernardino, 903 F.3d 943, 951 (9th Cir. 2018); Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir. 1990) (noting that "no matter how peculiar,

abrasive, unruly or distasteful a person's conduct may be, it cannot justify a police stop unless it suggest that some specific crime has been or is about to be, committed"). It was clearly established at the time of arrest in this case that such arrests must be based upon probable cause that a crime has been committed. Id. The Court finds that, construing the facts in Plaintiff's favor, Defendant's conduct violated a clearly established right and he is therefore not entitled to qualified immunity. Accordingly, the Court denies summary judgment.

## VI.   CONCLUSION

**IT IS ORDERED** that Defendant Roger Cole's Motion for Summary Judgement (ECF No. 94) is DENIED.

**IT IS FURTHER ORDERED** that a telephonic status conference to determine a trial date in this case shall be set for June 4, 2020 at 10:00 AM in LV Courtroom 7C before Judge Richard F. Boulware, Courtroom deputy to provide details regarding videoconference appearance.

**DATED:** May 22, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**